IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| WALTER GEORGE BUSBY § | CASE NO. 19-50725-cag | |
| DEANN LOUISE BUSBY § | CHAPTER 7 | |
| Debtor(s). § | | |
| § | | |
| § | | |
| WILMINGTON TRUST COMPANY, § | | |
| AS SUCCESSOR TRUSTEE TO § | | |
| CITIBANK, NA AS TRUSTEE TO § | | |
| STRUCTURED ASSET SECURITIES § | | |
| CORPORATION, SERIES 2005-1 § | | |
| Movant, § | | |
| v. § | | |
| § | | |
| WALTER GEORGE BUSBY, Debtor § | | |
| DEANN LOUISE BUSBY, Debtor § | | |
| JOSE C RODRIGUEZ, Trustee § | | |
| Respondents. § | | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY OF ACT AGAINST
COLLATERAL AND WAIVER OF THIRTY-DAY (30) HEARING REQUIREMENT**

| NOTICE TO ALL PARTIES |
|---|
| **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.** |
| **IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.** |
| **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.** |

Comes now, Wilmington Trust Company, as successor Trustee to CitiBank, NA as Trustee to Structured Asset Securities Corporation, Series 2005-1, ("hereinafter referred to as "Movant"), by and through the undersigned attorney, and moves the Court as follows:

1. This Motion is brought pursuant to 11 U.S.C. § 362(d)(1) in accordance with Rule 4001 of the Bankruptcy Rules.

2. On or about April 1, 2019, the Debtor(s) (the term "Debtor" herein shall refer to both single and joint debtors) filed for relief under Chapter 7 of the United States Bankruptcy Code.

3. On November 19, 2004, Walter G. Busby, executed and delivered a Note to SCME Mortgage Bankers, Inc., a California Corporation. On or about the same day, Walter G. Busby, and Deann L. Busby executed and delivered a Deed of Trust securing payment of the note. A True and correct copies of the note, deed of trust, and the assignment, are attached as Exhibit "**A**".

4. The Deed of Trust secures the following real property located in Bexar County, Texas:

LOT 86, BLOCK 2, NEW CITY BLOCK 17613, THE PINNACLE SUBDIVISION, PLANNED UNIT DEVELOPMENT, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN, VOLUME 9533, PAGE 63, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

**AKA: 914 CAMPANILE, SAN ANTONIO, TEXAS 78258 (the "Subject Property")**

5. The Debtors have failed to maintain current contractual payments due under the Note and, as of April 3, 2019, are presently in arrears for seven (7) payments through and including the April 1, 2019 payment. An affidavit in support of this Motion will be served pursuant to Local Rule 9013, concurrently with the service of this Motion.

6. Movant is unaware of any substantial change in the financial or personal affairs of the Debtor.

7. As of April 3, 2019, the outstanding indebtedness to Movant is $424,136.47, including principal balance, interest amount, escrow advances, NSF fees, and corporate advance, as provided in the Note and Deed of Trust.

8. The value of the collateral, pursuant to the Bexar County Appraisal Report, is $890,300.00, a copy of which is attached as Exhibit "**B**".

9. Debtor's Statement of Intention indicates an intention to retain the property and enter a Reaffirmation Agreement.

10. Debtor has failed to provide adequate protection to Movant which constitutes cause to terminate the automatic stay of 11 U.S.C. § 362(a).

11. By reason of the foregoing, Movant requests the Court to terminate the stay so Movant may proceed to foreclose in accordance with its promissory Note and Deed of Trust.

12. Movant reserves the right to assert an 11 U.S.C. § 362(d)(2) Cause of Action, if appropriate, at the hearing on Movant's Motion for Relief.

13. The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

**WHEREFORE**, Movant prays that this Court enter an order, after notice and hearing, terminating the automatic stay as to Movant; alternatively, Movant be made whole by having all contractual payments brought current. Movant further prays that the Court waive the provision of Rule 4001 (a) (3) and that Wells Fargo Bank, N.A. be permitted to immediately enforce and implement any order granting relief from the automatic stay; that Movant be awarded its reasonable contractual attorney fees and expenses for this Motion; and, that Movant be granted such other and further relief as is just.

Respectfully submitted,

BY: /s/ *Megan F. Clontz*
Megan F. Clontz
State Bar No. 24069703
Albertelli Law
2201 W. Royal Ln., Ste. 155
Irving, TX 75063
(469) 804-8457 ext. 1978
(469) 804-8462
mclontz@alaw.net

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing with exhibits, including an affidavit in support, was provided via electronic notice and/or Regular U.S. Mail to the parties listed on the attached service list on May 20, 2019.

**Walter George Busby**
914 Campanile
San Antonio, TX 78258-3176

**DeAnn Louise Busby**
914 Campanile
San Antonio, TX 78258-3176

**Ronald J. Smeberg**
The Smeberg Law Firm, PLLC
2010 W Kings Hwy
San Antonio, TX 78201-4926

*Trustee*
**Jose C Rodriguez**
342 W Woodlawn, Suite 103
San Antonio, TX 78212

*U.S. Trustee Office*
**United States Trustee - SA12**
**US Trustee's Office**
615 E Houston, Suite 533
PO Box 1539
San Antonio, TX 78295-1539

                                            /s/ *Megan F. Clontz*
                                            Megan F. Clontz